IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jahmmal Terrel Brumfield,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-1891-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

　　Pending before the Court is Jahmmal Terrel Brumfield's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have filed their Answer (Doc. 13), to which Petitioner has not replied. The matter is deemed ripe for consideration.

　　Petitioner raises three grounds for habeas relief in the Petition. Respondents do not argue, and the undersigned does not find, that the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.[1] The undersigned, however, finds that all three grounds are procedurally defaulted. It is therefore recommended that the Petition be dismissed with prejudice.

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

# I. BACKGROUND

In 2014, a Yuma County Grand Jury indicted Petitioner on the charge of failing to register as a sex offender between September 3, 2014 through October 30, 2014. (Doc. 13-1 at 19-20). Petitioner pled guilty to the amended charge of attempted failure to register as a sex offender, a class five felony, committed between September 3, 2014 and October 30, 2014. (*Id*. at 28-30; 34-38). The trial court accepted Petitioner's guilty plea. (*Id*. at 38, 41).

On April 10, 2015, the trial court sentenced Petitioner to the presumptive term of 1.5 years. (*Id*. at 75, 79-82). Petitioner did not seek post-conviction relief ("PCR").[2]

# II. LEGAL STANDARDS

## A. Exhaustion-of-State-Remedies Doctrine

It has been settled for over a century that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id*. In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some

---

[2] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 (PCR) of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

**B. Procedural Default Doctrine**

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

A procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id.* at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*,

470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Id.* at 1117 (quoting *Schlup*, 513 U.S. at 327).

### III. ANALYSIS

#### A. All Three Grounds for Habeas Relief are Procedurally Defaulted

Petitioner challenges his conviction for attempted failure to register as a sex offender between September 3, 2014 and October 30, 2014 on three grounds. In Ground One, Petitioner asserts that he completed a sex registration form on October 6, 2014 and his defense counsel was ineffective for failing to obtain a copy of that registration form.

(Doc. 1 at 4). In Ground Two, Petitioner states that he "had the evidence to exonerate him provided his guarantee provided pursuant to the Sixth Amendment had at least been scratched and his guarantee to due process pursuant to the Fourteenth Amendment been at the minimum sniffed at." (*Id*. at 5).[3] Finally, in Ground Three, Petitioner alleges that he was "denied due process by the filing clerk of the Yuma County Sherriff's Office. The clerk signed the updated form dated 10-6-14. The police involved in the matter failed to properly investigate the matter, which would have turned up the updated registration form as well." (*Id*. at 6).

In order to satisfy the exhaustion-of-state-remedies doctrine, Petitioner, as a plea-convicted defendant, must have first presented the above claims to the trial court in a PCR petition. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32"). Then, Petitioner must have petitioned the Arizona Court of Appeals for review of the trial court's ruling on the PCR petition. *See Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Petitioner concedes that he has not presented any of his habeas claims in state court and that the time to file a PCR notice has expired. (Doc. 1 at 4-6). Thus, none of

---

[3] Petitioner also alleges "actual innocence" and states that he "is entitled to relief under the Fundamental Miscarriage of Justice Exception." To the extent Petitioner presents a freestanding actual innocence claim, it is an open question whether a federal habeas petitioner in a non-capital case may raise a freestanding claim of actual innocence. *See Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceedings in the non-capital context . . . ."); *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*, 521 F.3d 1118, 1131 (9th Cir. 2008)("assum[ing] for the sake of argument that such claims are cognizable in federal habeas proceedings in both capital and non-capital cases . . . ."), *rev'd on other grounds*, 557 U.S. 52 (2009). Even if a freestanding claim of actual innocence is cognizable in a non-capital case, Petitioner has failed to meet the "extraordinarily high" threshold of "affirmatively prov[ing] that he is actually innocent" for the reasons discussed in Section III(B) below regarding the miscarriage of justice exception. *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir.1997) (en banc).

the claims have been exhausted.  *Castillo*, 399 F.3d at 998.  Rules 32.2(b) and 32.4(a), Ariz. R. Crim. P., do not bar untimely claims that fall within the categories set forth in Ariz. R. Crim. P. 32.1(d) through (h):

> d. The person is being held in custody after the sentence imposed has expired;
>
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence.  Newly discovered material facts exist if:
>   (1). The newly discovered material facts were discovered after the trial.
>   (2). The defendant exercised due diligence in securing the newly discovered material facts.
>   (3). The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Petitioner does not assert that any of the above exceptions apply to his claims.[4] Nor does it appear that any of the exceptions would apply.  As Respondents explain, the sex registration form dated October 6, 2014 would not constitute a "newly discovered material fact" under Ariz. R. Crim. P. 32.1(e) as Petitioner had knowledge of the form

---

[4] In fact, Petitioner explicitly states in the section pertaining to Ground Three that "[a]ny attempt [to return to state court] at this point would be futile."  (Doc. 1 at 6).

when he pled guilty.[5]  (Doc. 13-1 at 44, 49-50).  All three grounds are deemed procedurally defaulted as adequate and independent state procedural rules would preclude Petitioner from returning to the trial court to exhaust his habeas claims.  *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### B.  Petitioner's Procedural Defaults are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice.  *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

Petitioner explains that he did not raise the issues presented in the Petition (Doc. 1) to the state court because he was not aware that he had a colorable claim "due to the lack of understanding from a legal standpoint."  (Doc. 1 at 4).  Petitioner also states that he "lack[ed] understanding of the process."  (*Id*. at 5).  Petitioner's status as a pro se litigant does not constitute a legitimate cause for failing to initiate a PCR proceeding.  *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986) (cause not established in case of illiterate petitioner who relied on the assistance of another inmate who was released, stating that "[t]o hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal court.  Such a result would be contrary

---

[5] Even if Petitioner did not have knowledge of the October 6, 2014 form when he pled guilty, Petitioner cannot show that it probably would have changed the outcome as required by Ariz. R. Crim. P. 32.1(e).  As explained in the following section, evidence showed that Petitioner moved from his previously registered address on or before September 3, 2014.  October 6, 2014 is well after the mandatory 72 hour deadline to complete an updated sex registration form.  ARIZ. REV. STAT. § 13-3822(A).

to the principles of comity underlying the cause and prejudice rule."); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (illiterate petitioner with a mental condition who relied upon incompetent "jailhouse lawyers" failed to show cause). Because Petitioner has not shown that an objective factor external to Petitioner impeded his efforts to initiate a PCR proceeding, Petitioner has failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

The fundamental miscarriage of justice exception, also referred to as the *Schlup* gateway, applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id*. at 324. Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas,* 523 U.S. 538, 559 (1998)).

Petitioner admitted that between September 3, 2014 and October 30, 2014, he committed the crime of attempted failure to register as a sex offender. (Doc. 13-1 at 28-30; 34-38). Petitioner contends that he is innocent because on October 6, 2014, he completed a sex offender registration form with his updated address. (Doc. 1 at 4-5). Respondents have provided a copy of the October 6, 2014 form. (Doc. 13-1 at 49-50). However, Petitioner has not offered any new evidence showing that the October 6, 2014 form was completed within 72 hours of moving from his previously registered address.[6]

---

[6] Because it does not affect the outcome, the undersigned has assumed *arguendo*

As Respondents explain, police officers discovered that on September 3, 2014, Petitioner was not living at his previously registered address. (Doc. 13 at 22; Doc. 13-1 at 6-7, 10). If Wednesday, September 3, 2014 is used as the date Petitioner moved from his previously registered address, Petitioner's updated sex registration form was due on Monday, September 8, 2014.[7] Therefore, Petitioner's October 6, 2014 registration form does not show actual innocence.[8] After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case. Consequently, the undersigned recommends that the Court not excuse Petitioner's procedural defaults.

## IV.  CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave

---

that the October 6, 2014 form may qualify as "newly presented" evidence of actual innocence for purposes of the *Schlup* gateway. *See Griffin v. Johnson*. 350 F.3d 956, 963 (9th Cir. 2003) (*Schlup* gateway claims require only "newly presented" evidence of actual innocence; hospital records that were in petitioner's possession, but not presented to the trial court prior to accepting plea bargain qualified as "newly presented" evidence for purposes of the *Schlup* gateway).

[7] Weekends and legal holidays are excluded from the 72 hour deadline. ARIZ. REV. STAT. § 13-3822(A).

[8] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 9th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge